UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS CHRISTOPHER GEFTOS,

    Plaintiff,

v.                                                  Case No: 2:17-cv-80-FtM-38CM

JULIE L. JONES and WEXFORD
HEALTH SOURCES, INC.,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Plaintiff, Thomas Christopher Geftos' Amended Motion to Strike Defendant Wexford's Untimely Answer and Affirmative Defenses (Doc. #28) filed on August 1, 2017. No response has been filed by the Defendant Wexford, but none is necessary.

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. *Harvey v. Home Depot U.S.A., Inc.*, 2005 WL 1421170 (M.D. Fla. June 17, 2005). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *Microsoft Corp. v.*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Harvey*, 2005 WL 1421170 at *1.

Geftos moves the Court to strike Wexford's Answer and Affirmative Defenses because it was filed one day late. Under Fed. R. Civ. P. 12(a)(1)(A)(i), an answer should be filed within twenty-one days of service. Wexford was served on June 19, 2017. Twenty-one days from June 19, 2017, was July 10, 2017. The Answer was not filed until July 11, 2017. Therefore, Geftos moves the Court to strike Wexford's Answer and Affirmative Defenses as untimely.

While Wexford's Answer and Affirmative Defenses may have been untimely, the filing was only one day late. When a motion to strike an untimely defense is granted, "a defendant will not be precluded from arguing the substantive merits of the affirmative defense later in the case even if the court strikes the affirmative defense on technical grounds." *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (quoting *Wlodynski v. Ryland Homes of Fla. Realty Corp.,* No. 8:08–cv–361–JDW–MAP, 2008 WL 2783148, at *2 (M.D. Fla. July 17, 2008)). Even if the Court were to strike the Answer and Affirmative Defenses as untimely filed, Wexford could still argue the substance of the Affirmative Defenses later in the case. Geftos will not be prejudiced if the Court accepts Wexford's Answer and Affirmative Defenses as timely filed because Wexford may still argue the affirmative defenses. Further, being filed only one day late does not unduly delay the case. Therefore, Geftos' Motion to Strike is due to be denied.

Accordingly, it is now

**ORDERED:**

Plaintiff, Thomas Christopher Geftos' Amended Motion to Strike Defendant Wexford's Untimely Answer (Doc. #28) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of August, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Thomas Christopher Geftos
All Parties of Record
SA: FtMP-2