UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS CHRISTOPHER GEFTOS,

    Plaintiff,

v.                                      Case No: 2:17-cv-80-FtM-38CM

JULIE L. JONES, individually and in
her Official Capacity as
SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS;
and WEXFORD HEALTH
SOURCES, INC.,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

    Thomas Christopher Geftos, an inmate incarcerated in the Florida Department of Corrections, is proceeding on his Amended Complaint. Doc. 17. The Amended Complaint alleges claims of deliberate indifference to Geftos' serious medical needs stemming from the delay or denial of medical treatment and surgery for his inguinal hernia in violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments. As relief, Geftos seeks, *inter alia*, declaratory and monetary damages against Defendant Julie Jones, the Secretary of the Florida Department of Corrections (FDOC), both in her official

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

and individual capacities, and Wexford Health Sources, Inc., the private health care provider contracted by FDOC to provide medical care to prisoners confined in DeSoto Correctional Institution.

The following facts alleged in the Amended Complaint are assumed to be true at this stage of the proceedings. Since 2006, Geftos has suffered from a left inguinal hernia that is the size of a baseball. Doc. 17 at ¶ 44. Geftos' is in "constant" pain, which rates as an "8-9 out of 10" on a pain scale. *Id.* Due to his pain, Geftos spends most of day "lying in bed." *Id.* When Geftos walks, he is "forced to physically hold in the hernia." *Id.* Due to his hernia, Geftos' bowel is obstructed and he is constipated. *Id.* He has not been prescribed any pain medication for his hernia. *Id.* Geftos chronicles in detail his requests for medical services and requests to obtain a consultation for hernia surgery spanning the time period 2006 through 2015. *Id.* at ¶¶ 45-67. In 2015 and 2016, Geftos utilized FDOC' administrative grievance process in order to obtain a surgical consultation, which included submitting a detailed administrative appeal to Secretary Jones,[2] but he was denied any relief. *Id.* at ¶¶ 68-75. In April 2017, Geftos was transferred to Avon Park Correctional Institution and examined by Centurion's Chief Healthcare Officer (CHO), who opined that Geftos' condition required surgery *Id.* at ¶ 77. Centurion's CHO immediately referred

---

[2] In his November 22, 2015, Request for Administrative Remedy or Appeal to the Secretary, Geftos, after detailing his repeated requests to and denial by Wexford for surgical consultations to repair his hernia and referencing a recent $90,000 award to an inmate and the 2015 class action regarding lack of treatment for surgical repairs, pleads "You, Ms. Julie L. Jones, as Secretary of the Florida Department of Corrections are legally responsible for the overall operation of the Department and each institution under its jurisdiction, including DeSoto C.I. As such, I appeal to you to exercise your authority and direct Wexford Health Sources, Inc. and its personnel, to immediately schedule me for a surgical consultation and require that they follow the surgeon's recommendation-for surgery-without delay." Doc. 17 at ¶ 73.

Geftos for an outside surgical consultation. *Id.* In May 2017, a physician from Florida Hospital evaluated Geftos and determined that a "surgical intervention is necessary" and recommended a "left hernia repair with mesh." *Id.* at ¶ 78. In June 2017, Centurion's CHO advised Geftos that he "would receive surgery to repair his hernia in the near future as recommended by [the outside consultant]." *Id.* at ¶ 79.[3]

According to the Amended Complaint, Defendants Secretary Jones and Wexford "have a policy, practice and custom of not providing hernia surgeries to prisoners except in emergency circumstances." *Id.* at ¶ 41, see *also* ¶ 7, ¶ 8. More specifically, Defendants, through the use of their "Utilization Management" process, "make health care decisions based on costs." *Id.* at ¶40, see *also* ¶ 8. Geftos claims "Wexford has a financial incentive to avoid providing medical care and treatment, especially when that care involves sending prisoners to outside specialist whom they have to pay out of pocket." *Id.* at ¶ 3. As evidence, Geftos cites to a 47% decrease in the number of prisoners Wexford referred to hospitals in 2014, compared to the number sent out by FDOC in 2012, the last year FDOC provided health care. *Id.* at ¶ 5. Geftos states the Secretary has "knowledge that Wexford is failing to provide known needed medical care." *Id.* at ¶ 6. Further, he claims the policy promulgated by Wexford with the Secretary's knowledge "has resulted in the denial of referral to a surgical consultant and of surgery, thereby leaving Plaintiff in severe pain, unable to participate in normal life activities, and at risk for serious complications." *Id.* at ¶ 8.

In response to the Amended Complaint, Defendant Jones, Secretary of FDOC, filed a Motion to Dismiss. Doc. 22. Secretary Jones submits that the Amended Complaint

---

[3] It appears Geftos underwent surgery to repair his hernia in July 2017. (Doc. 40-1).

should be dismissed because: (1) it fails to comply with the minimum pleading requirements; (2) Secretary Jones is entitled to qualified immunity; (3) Secretary Jones is entitled to Eleventh Amendment Immunity in her official capacity; and (4) the Amended Complaint attributes liability to Jones solely based upon the theory of *respondeat superior*. *Id.* Geftos filed a Response and, conceding that the Eleventh Amendment bars monetary relief against Jones in her official capacity, "*waives* his claim for 'nominal damages' against Defendant Jones." Doc. 40 at 19 (citing Doc. 17 at 22, emphasis in original). In all other respects, Geftos argues the Motion must be denied. As more fully set forth below, the Court agrees.

## Standard of Review

To survive a motion to dismiss, a complaint must contain factual allegations sufficient "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in T*wombly*, illustrated a two-pronged approach in evaluating a motion to dismiss. A reviewing court first must determine whether a plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth. The court next must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. *Ashcroft*, 556 U.S. at 679. Plausibility does not equate to probability. *Lane v. Philbin*, 835 F.3d 1302, 1305 (11th Cir. 2016) (citing *Ashcroft*, 556 U.S. at 678). All reasonable inferences from the allegations in the complaint are construed in favor of the plaintiff. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). Further, this Court is

4

mandated to hold pleadings by *pro se* litigants to a less stringent standard and read the pleading more liberally. *Lane*, 835 F.3d at 1305.

Applicable Law

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws [.]" To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015). The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners [.]" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). A plaintiff can demonstrate deliberate indifference by establishing the defendant (1) had a subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that is more than mere negligence. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013). The Eleventh Circuit has "repeatedly held that 'deliberate indifference' includes 'the delay of treatment for obviously serious conditions where it is apparent that delay would detrimentally exacerbate the medical problem,' where 'the delay does seriously exacerbate the medical problem,' and where 'the delay is medically unjustified.'" *Fields v. Corizon Health, Inc.*, 490 F. App'x 174, 182 (11th Cir. 2012) (citing *Harper v. Lawrence Cnty.*, 592 F3d 1227, 1235 (11th Cir. 2010)). Alternatively, an

unreasonable delay in treatment may constitute deliberate indifference, regardless of whether it exacerbated the condition, if the delay results in "a wanton infliction of pain." *Valderrama v. Rousseau*, 780 F.3d 1101, 1116 (11th Cir. 2015).  *See also Melton v. Abston*, 841 F.3d 1207, 1222 (11th Cir. 2016) ("Severe pain that is not promptly or adequately treated can also constitute a serious medical need depending on the circumstances.").

Failure to State a Claim/*Respondeat Superior*

As noted *supra*, Geftos sues Julie L. Jones, in both her official and individual capacities. Doc. 7 at ¶ 19. A suit against a defendant governmental officer in his official capacity is the same as a suit against the entity that employs the officer. *Salvato*, 790 F.3d at 1295. Secretary Jones does not dispute that Geftos has adequately alleged the first element of an Eight Amendment claim--that he has a serious medical condition while in DOC's custody. Instead, Secretary Jones argues that Geftos has failed to provide any facts that she was involved in either her official or individual capacity in directing or arranging Geftos' medical care. Doc. 22 at 5. Alternatively, Secretary Jones argues that Geftos seeks to hold the Secretary liable under a theory of *respondeat superior* based on her supervisory position within FDOC. *Id.* at 11. The Court disagrees. The fact that FDOC contracted with a private health care provider does not absolve the FDOC of its non-delegable duty of ensuring that prisoners receive proper health care. *Ancata v. Prison Health Servs. Inc.*, 769 F.2d 700, 705 (11th Cir. 1985). Indeed, FDOC "itself remains liable for any constitutional deprivations caused by the policies or customs of the [contracted heath care provider]." *Id.* Here, the Amended Complaint alleges that both FDOC and Wexford had a policy of refusing to send prisoners who had hernias for outside

surgical consultations except in emergency situations as a means of reducing costs. Geftos further argues that this policy was the driving force behind the deprivations of his constitutional rights which caused him to suffer severe pain. The Eleventh Circuit has repeatedly recognized that health care providers can consider cost allocations in formulating its policies, but "cost is not a factor which can justify the lack of timely medical treatment" for serious medical conditions. *Fields v. Corizon*, 490 F. App'x at 185; *Ancata,* 769 F.2d at 705 (stating "[l]ack of funds for facilities cannot justify an unconstitutional lack of competent medical care or treatment of inmates.");

If FDOC directed or employed a policy or custom that denied surgical consults and/or surgeries to inmates in an effort to reduce costs and the result of that policy played a role in the delay in treatment and deliberate indifference shown towards Geftos, then the Secretary in her Official Capacity, may be liable. *Id*. at 706. Furthermore, if FDOC permitted Wexford, its contractor, to establish such a policy or custom, it may also be liable. *Id*. Contrary to Secretary Jones' suggestion that Geftos predicates liability on the notion of *respondeat superior*, such liability stems from FDOC's own policy. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978).

Further, Secretary Jones' liability in her individual capacity, if any, would not be based upon *respondeat superior*, if Geftos can establish that she was personally involved in the acts depriving Geftos of his constitutional rights. Geftos, through the administrative grievance process, notified Jones of his need for surgery and medical care and implored her to take action. It is impossible to determine at this stage of pleadings what involvement or knowledge, if any, Jones had in the promulgation or enforcement of the

alleged policy to reduce costs or of Geftos' plea for medical care.  Thus, dismissal prior to discovery would be unwarranted.

Qualified Immunity

The doctrine of qualified immunity provides "complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known."  *Lee v. Ferraro,* 284 F.3d 1188, 1193–94 (11th Cir.2002) (quotation marks and citation omitted).  "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."  *Pearson v. Callahan,* 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).  As addressed *supra*, the Court finds that Geftos has alleged conduct by Secretary Jones that, if proven true, plausibly establishes a violation of Plaintiff's Eighth Amendment rights.  Further, delaying treatment for serious and painful injuries has been "clearly recognized as rising to the level of a constitutional claim."  *Harris v. Coweta County,* 21 F.3d 388, 393 (11th Cir.1994) (citations omitted).  Consequently, Secretary Jones is not entitled to qualified immunity based upon the allegations in the Amended Complaint and clearly established law.

Eleventh Amendment Immunity

Secretary Jones asserts that "[b]ecause the State of Florida has not waived its Eleventh Amendment immunity, Plaintiff's claims against Defendant Jones for actions committed in her official capacity with FDOC are barred."  Doc. 22 at 10.  The Eleventh Amendment immunizes state officials sued in their official capacity for money damages. *Zatler v. Wainwright,* 802 F.2d 397, 400 (11th Cir.1986).  It does not, however, protect state officials from claims for prospective declaratory or injunctive relief to end continuing

violations of federal law. *Florida Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehabilitative Serv.,* 225 F.3d 1208, 1219–20 (11th Cir. 2000). Consequently, Geftos is not entitled to monetary damages against Secretary Jones in her official capacity. Nonetheless, the Eleventh Amendment does not preclude damages against Secretary Jones in her individual capacity or declaratory relief in her official capacity.

Accordingly, it is now

**ORDERED:**

Defendant Secretary of the Florida Department of Corrections Motion to Dismiss Plaintiff's Amended Complaint (Doc. 22) is **GRANTED to the extent** that Plaintiff's requested relief for nominal monetary damages against the Secretary in her Official Capacity is barred by the Eleventh Amendment. In all other respects, the Motion is **DENIED** and Defendant Julie L. Jones shall file an answer to Plaintiff's Amended within **twenty (20) days** of the date of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of March, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record